IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:17-CR-69 |
| | ) | |
| PENNY S. DAVIS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Catherine C. Eagles, District Judge.

The defendant-inmate, Penny S. Davis, asks the Court to reduce her sentence pursuant to the compassionate release provisions of 18 U.S.C. § 3582(c)(1)(A). Her motion for compassionate release will be denied without prejudice because she did not comply with the statutory condition requiring her to file a request with the warden asking the Bureau of Prisons to bring a motion on her behalf before she can file her own motion directly with the Court.

1. **Underlying Convictions.**

In 2017, Ms. Davis pled guilty to mail fraud and aggravated identity theft, Minute Entry 05/17/2017; Doc. 11, and she was sentenced to 65 months in the custody of the Bureau of Prisons followed by three years of supervised release. Minute Entry 01/12/2018; Doc. 29. She appealed her conviction, Doc. 31, and the Fourth Circuit affirmed the judgment in an unpublished *per curiam* opinion. Doc. 44.

## 2. The Defendant's Compassionate Release Motion and Briefing.

Ms. Davis filed a pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) on April 22, 2020, Doc. 53, and an amended motion, through counsel, on May 15, 2020, asking the Court to reduce her sentence. Doc. 55. On May 14, 2020, Ms. Davis, through counsel, submitted a request for a reduction in sentence to the Warden, Doc. 55-1, and on May 22, 2020, the Warden denied her request. Doc. 62-2. Ms. Davis did not administratively appeal this denial. The Government filed a response in opposition to the motion, Doc. 62 and Ms. Davis filed a reply, Doc. 65, and a motion for expedited decision, Doc. 66, with exhibits. The Government filed a sur-reply with exhibits. Doc. 69. The matter is now ripe for decision.

## 3. Section 3582(c)(1)(A) Compassionate Release Motions.

Courts do not have unfettered jurisdiction or discretion to modify criminal sentences. *United States v. Goodwyn*, 596 F.3d 233, 235–36 (4th Cir. 2010). A court may modify a sentence only when a provision in the Federal Rules of Criminal Procedure or a statute expressly permit it to do so. *See* 18 U.S.C. § 3582(c).

Section 3582(c)(1)(A), commonly called the "compassionate release" provision, is one such statutory provision. In order for a sentence reduction under § 3582(c)(1)(A) to be appropriate, the statute requires by its terms that the movant has exhausted her administrative remedies, that extraordinary and compelling reasons exist for a sentence reduction, and that the reduction is consistent with applicable Policy Statements issued by the Sentencing Commission. *See United States v. Redd*, No. 1:97-cr-00006-AJT, 2020

2

WL 1248493, at *4 (E.D. Va. Mar. 16, 2020).[1] In addition, the Court must consider the relevant § 3553(a) factors. *Id.* The present motion turns on the exhaustion requirement.

4. **Exhaustion**

Title 18 U.S.C. § 3582(c), as amended by the First Step Act, allows a sentencing court to modify a term of imprisonment upon a motion from a defendant after she has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Here, Ms. Davis submitted her request for a reduction in sentence to the Warden on May 14, 2020, Doc. 55-1, well after she filed her original motion and on the day before she filed her amended motion through counsel. A week later, the Warden denied her request. Doc. 62-2. Ms. Davis did not administratively appeal this denial, nor did she file another amended motion with this court once thirty days had passed. It is clear she did not comply with the mandatory requirement to ask the warden to file the motion on her behalf before she filed the original motion; that she did not wait thirty days after filing that request to file either her original or amended motion with the Court; and that she did not administratively exhaust remedies before filing her motion with the Court. The Government has invoked this failure to comply with the claim-processing

---

[1] The Sentencing Commission has not yet adopted any policy statement applicable to motions filed directly by defendants. The Court has considered the old policy statement applicable to motions brought by BoP as helpful but non-binding guidance. *See United States v. Beck*, 425 F. Supp. 3d 573, 578–80 (M.D.N.C. 2019).

3

requirement in its response, Doc. 62 at 10, and therefore her motion will be denied without prejudice.

Ms. Davis concedes she did not exhaust her administrative remedies before filing her motion with the Court but asks the Court to waive the requirement because it would be futile and because compliance would result in irreparable harm. Doc. 55 at 14–17. The Fourth Circuit has not addressed whether a court may excuse the exhaustion requirement for compassionate release, but the Sixth and Third Circuits have. *See United States v. Alam*, 960 F.3d 831, 835 (6th Cir. 2020); *United States v. Raia*, 954 F.3d 594, 596–97 (3d Cir. 2020).[2] In *Alam,* the Sixth Circuit found that defendants must satisfy the statutory exhaustion requirement before bringing a motion to the courts because, while not jurisdictional, the requirement "remains a mandatory condition." *Alam*, 960 F.3d at 833 (dismissing compassionate release motion without prejudice due to failure to exhaust). The court explicitly held that there are no judicially crafted exceptions to this statutory exhaustion requirement, when properly invoked by the Government. *Id.* at 835. In *Raia*, the Third Circuit signaled the same. *See Raia*, 954 F.3d at 597 (noting that a failure to file a request asking the warden to file a compassionate release motion "presents a glaring roadblock foreclosing compassionate release" by the courts.). Many district courts agree. *See, e.g., United States v. Tallie*, No. 3:11-CR-8-WKW, 2020 WL 3452612, at *1 (M.D. Ala. June 24, 2020); *United States v. Safford*, No. CR 1:17-00193,

---

[2] The Fifth Circuit mentioned the possibility of waiver without ruling on the issue in *Valentine v. Collier*, 956 F.3d 797, 807 (5th Cir. 2020) (Higginson J., concurring).

2020 WL 3001668, at *2 (S.D.W. Va. June 4, 2020); *see also United States v. Feiling*, No. 3:19cr112(DJN), 2020 WL 1821457, at *4–5 (E.D. Va. Apr. 10, 2020) (noting that "[t]he mere existence of COVID-19 among the prison population and an inmate's susceptibility to it do not justify waiver" on their own).[3]

Many district courts have disagreed, in thoughtful opinions, finding that the exhaustion requirement in § 3582(c) may be waived by the courts in certain circumstances. *See, e.g., Coleman v. United States*, No. 4:17-CR-69, 2020 WL 3039123, at *2–3 (E.D. Va. June 4, 2020) (holding that "equitable exceptions to the exhaustion requirement are necessary for timely judicial review of compassionate release motions during the COVID-19 pandemic" and "that compliance with the exhaustion requirement on COVID-19-related petitions for compassionate release is unduly prejudicial as a general matter"); *United States v. Bass*, No.1:10-cr-166 (LEK), 2020 WL 2831851, at *4–6 (N.D.N.Y. May 27, 2020); *United States v. Zukerman*, 16 Cr. 194 (AT), 2020 WL 1659880, at *2–3 (S.D.N.Y. Apr. 3, 2020) (waiving exhaustion of administrative process "in light of the extraordinary threat posed . . . by the COVID-19 pandemic."). In *Zukerman*, for example, the court noted that exhaustion may be excused under three circumstances: 1) when it would be futile; 2) where administrative process would not grant adequate relief; and 3) where pursuing administrative process would subject the party to undue prejudice. *Zukerman*, 2020 WL 1659880, at *3; *see also United States v. Gileno*, No. 3:19-CR-161-(VAB)-1, 2020 WL 1916773, at *4–5 (D. Conn. Apr. 20,

---

[3] The Court omits internal citations, alterations, and quotation marks throughout this opinion, unless otherwise noted. *See United States v. Marshall*, 872 F.3d 213, 217 n.6 (4th Cir. 2017).

5

2020) (waiving exhaustion for inmate with chronic asthma and other respiratory issues because "undue delay in his release could result in catastrophic health consequences"); *United States v. Perez*, No. 17 Cr. 513-3 (AT), 2020 WL 1546422, at *3 (S.D.N.Y. Apr. 1, 2020) (finding that an inmate with limited time left on his sentence and who was recovering from major surgeries presented "unique circumstances" that with "the exigency of a rapidly advancing pandemic" justified waiver).

While there is no binding precedent, the logic and analysis in *Alam* and analogous district court cases are the most persuasive, at least until there is contrary authority from another circuit. The exhaustion requirement in § 3582(c)(1)(A) is a mandatory claim-processing rule that is not subject to judicial waiver when properly invoked by the Government, as here. *See Alam*, 960 F.3d at 835–36. A defendant must ask the Bureau of Prisons to file a motion on her behalf, and she can only come to court directly once thirty days passes or once she has exhausted her administrative remedies, if that is earlier. When a defendant does not wait thirty days before filing her motion directly with the Court, she has failed to satisfy the exhaustion requirement in § 3582(c)(1)(A) and her motion is subject to denial without prejudice. *See id.* at 834–36; *Raia*, 954 F.3d at 597 (noting that the defendant's failure to wait 30 days or administratively appeal his request to BoP "presents a glaring roadblock foreclosing compassionate release").

Congress included an exhaustion requirement when it amended § 3582(c) to, in part, ensure that BoP has the opportunity to process and prioritize motions for compassionate release based on their merit and the seriousness of each inmate's risk. *See Alam*, 960 F.3d at 835–36. "Free-floating exceptions to the rule, available to anyone

6

willing to go to federal court first, will not help that cause." *Id.* at 836. The Court is sensitive to the concerns raised by other courts in support of waiver—such as the purpose of the First Step Act, the threat from COVID-19, and BoP's alleged shortcomings in addressing release requests and the pandemic. But Congress did not provide for judicial waiver of this requirement, and thirty days is a short period of time to wait on the Bureau to act. *See id.* at 835.

In this case and future cases, the Court intends to follow the general exhaustion rules laid down in the two published appellate cases, unless the exhaustion issue is not raised by the Government[4] and subject to reconsideration upon issuance of contrary appellate authority.[5] There is real benefit to consistent application of clear rules known in advance so that litigants can guide their conduct accordingly, and fair and consistent application of these rules will result in less waste of judicial resources, fewer unnecessary briefs by the parties, and quicker decisions on the merits when appropriately presented.

The Court understands the ruling in *Alam* to be that: 1) the defendant must file a request with the warden; 2) the defendant can file in federal court after thirty days pass

---

[4] While there are a few cases to the contrary, the better-reasoned and majority view is that the exhaustion requirement is a claim-processing rule, not jurisdictional, *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020), and must be enforced when it is "properly invoked." *Id.* at 834. When the Government does not raise the issue of exhaustion, courts routinely find it has been waived. *See, e.g., United States v. Lowman*, No. 5:09-CR-00049-KDB-DCK-1, 2020 WL 3472923, at *4 (W.D.N.C. June 25, 2020).

[5] That said, there may be an extremely unusual case where it may be appropriate to consider a different outcome, because, for example, the defendant is being housed in a county jail or other facility where there is no warden to ask.

from the date the request was submitted, whether the request to the warden has been denied or ignored, and regardless of whether the defendant has taken advantage of available administrative appeals; and 3) the defendant can file sooner than thirty days if the administrative appeal process has been exhausted. *See Alam*, 960 F.3d at 834–36.[6] Obviously, it is the better practice for the defendant to use administrative appeals when the warden's denial is swift, even if the appeal is unsuccessful, as it may result in the ability to file the motion sooner than thirty days. Even if the BoP does not act on the appeal within the remaining time, the good-faith use of the administrative appeal process allows the defendant to address the reasons the warden denied the initial request or to point out any change of circumstances, and it avoids litigation over the exhaustion requirement which can, as in this case, ultimately delay resolution of the motion on the merits.

Inefficiencies result by following this rule in this particular case, which has been fully briefed on the merits and where thirty days has now passed from the May 15 request to the warden. But this is an inefficiency caused by the defendant's failure to follow clear statutory requirements. As the Court in A*lam* explicitly noted, dismissal without prejudice is more appropriate than to sit "on untimely compassionate release motions

---

[6] This holding at first glance appears to be inconsistent with the statutory requirement that the defendant "fully exhaust all administrative rights to appeal." § 3582(c)(1)(A). But that requirement is phrased in the alternative to the provision giving the defendant the right to file her own motion after the passage of thirty days from receipt by the warden of a compassionate release request. The defendant can file her motion after thirty days or after exhausting she administrative appeal rights, "whichever is earlier." § 3582(c)(1)(A).

8

until the 30-day window ran its course." *Alam*, 960 F.3d at 836. While it may or may not be that Ms. Davis's health problems in combination with the increased risk of COVID-19 constitute extraordinary and compelling reasons for a sentence reduction, that question is for another day, if and when she renews her motion before this Court.[7]

It is **ORDERED** that the defendant's motions for a sentence reduction or compassionate release, Docs. 53, 55, are **DENIED without prejudice**. The motion for expedited decision, Doc. 66, is **DENIED** as moot.

This the 14th day of July, 2020.

_____
UNITED STATES DISTRICT JUDGE

---

[7] It appears her motion may become moot quickly, as the BoP has approved her to serve the remainder of her sentence on home confinement effective August 4. *See, e.g.,* Doc. 69 and attachments.